993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry DODSON, Plaintiff-Appellant,
v.
The REGENTS OF the UNIVERSITY OF CALIFORNIA, Defendant-Appellee.
 No. 91-16895.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1993.
Decided May 13, 1993.
 
 Before: SCHROEDER, PREGERSON, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Larry Dodson, an African-American male, filed this suit alleging race discrimination in violation of Title VII of the Civil Rights Act. 42 U.S.C. §§ 2000e et seq. He alleged that he was discriminated against by the Director of the EEO Office of the University of California at Fresno when he was not offered a permanent position after serving as a probationary employee. The case was tried before a magistrate whose recommended findings of fact and conclusions of law were adopted by the district court.
 
 
 3
 The record indicates that the district court referred the trial to a magistrate pursuant to Federal Rule of Civil Procedure 53(b), which provides for such referral in the absence of consent of the parties "only upon a showing that some exceptional condition requires it." Fed.R.Civ.P. 53(b).
 
 
 4
 Article III of the Constitution of the United States provides that cases arising under federal law must be heard in a federal court before an Article III judge. U.S. Const. Art. III ("The judicial power shall extend to all cases ... arising under ... the laws of the United States...."). The district court may refer some matters to a magistrate. However, where as here the parties do not consent to such a referral, Article III requires that the district court conduct a de novo review of the record before entering final judgment. United States v. Raddatz, 447 U.S. 667 (1980).
 
 
 5
 This matter was referred in an order "Confirming Appointment of Magistrate as Master" pursuant to Federal Rule 53 and 42 U.S.C. § 2000e-5(f). In that order, the district court stated that one of the reasons for referral was that it no longer believed that it should hear the case "due to information disclosed to the court at the settlement conference of this case." Having referred the case to a magistrate at least in part because of its inability to conduct an impartial trial, the district court was not in a position to conduct an impartial de novo review required before the entry of a final judgment. See 28 U.S.C. § 455(a) (judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.") The judgment was not entered in accordance with the mandates of Article III.
 
 
 6
 Dodson also argues that the magistrate improperly excluded certain testimony that tended to show that the motivation behind his termination was racial animus. Dodson contends that a "Hispanic conspiracy" existed at the office and that three witnesses--Albert Brown, David Waring, and Royce Dunn--could have testified in support of his theory.
 
 
 7
 Royce Dunn was prepared to testify that Linda Cuellar, the coordinator of the EEO Office, treated Dunn, an African-American male, unfavorably compared to Hispanic employees in the office. Waring and Brown would have offered similar testimony. One of Dodson's theories is that Cuellar's motive in hiring him as a probationary employee was to deflect criticism for terminating Dunn--the only African-American employee at the office--and that Cuellar never intended to have any permanent African-American employees. Dodson thus would be insurance for allegations of discrimination against Dunn. However, Dodson argues, Cuellar never intended to keep Dodson after his probationary period. Testimony by Dunn and others would have gone to motive under Dodson's theory.
 
 
 8
 The magistrate limited the testimony of these witnesses to acts of discrimination against Dodson. The magistrate should have permitted those witnesses to testify about acts of alleged discrimination that supported Dodson's theory, even if those acts did not involve Dodson directly. This testimony falls within the ambit of Rule 404(b), which permits evidence of acts to show proof of motive. Fed.R.Evid. 404(b).
 
 
 9
 Accordingly, we reverse that judgment and remand the case. Transfer to a different district judge and a new trial are required if after this remand, the parties are unable to resolve this without further litigation. Any further appeals will be directed to this panel.
 
 
 10
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3